WARREN and others, Assignees, etc., *v.* BURNHAM.

*(Circuit Court, N. D. New York.* October 24, 1887.)

1. SET-OFF AND COUNTER-CLAIM—PARTNERSHIP ACCOUNTING—BANKRUPT PARTNER.

    A solvent firm of which a bankrupt is a member may set off against a debt due the bankrupt a debt due by the bankrupt to the firm.

2. PARTNERSHIP—ACCOUNTING—BANKRUPT PARTNER—FRAUD OF.

    Where a member of a firm obtained indorsements from another member of the firm, of certain negotiable paper, upon a representation that he was to use such paper for the benefit of the firm, but in fact used it for his individual purposes, and afterwards became bankrupt, the firm remaining solvent, the amount so obtained by the bankrupt is a proper charge against him, and in favor of the firm.

3. SAME—ACCOUNTING—BANKRUPT PARTNER—ADVANCES TO.

    In an action brought by the assignees of a person who is a bankrupt individually, but a member of a solvent firm, against the other member of the firm, for an accounting, the defendant may properly claim to his credit amounts advanced by him individually to such bankrupt.

4. COSTS—PARTNERSHIP—ACCOUNTING.

    Costs in such action, like other equitable actions, may be awarded to the successful party.

In Equity.

The complainants are assignees in bankruptcy of one Lazarus S. Hammond. Hammond was engaged in business as an individual banker at Cape Vincent, New York. He was also, as an equal copartner with the defendant, engaged in carrying on the grain and produce business at the same place, under the firm name of Hammond & Burnham. He was also, as a member of the firm of Doty, Hammond & Co., engaged in the produce commission business in the city of New York. Hammond became a bankrupt, but the firm of Hammond & Burnham remained solv-

ent.   Burnham was in no way connected with Hammond in the bank-
ing business.   At the time of the failure, Hammond, as an individual
banker, was indebted to the firm of Hammond & Burnham, and the firm
was indebted to him, on partnership transactions.   Prior to the failure,
the firm of Hammond & Burnham was indebted to the Oneida National
Bank in about the sum of $15,000.   Hammond represented to Burnham
that he had no funds with which to meet this indebtedness, and requested
Burnham to indorse two drafts in blank, representing that he could then
raise the necessary amount.   Relying upon these representations, Burn-
ham indorsed the drafts.   The drafts were accepted by Doty, Hammond
& Co. after the sum of $5,000 was inserted in each, and the money ob-
tained thereon was applied by Hammond to his own use.   Prior to the
failure, Hammond was indebted to Burnham individually in the sum
of about $5,000.   This action was commenced by the assignees to ob-
tain an accounting, upon the theory that the defendant was indebted to
them in a large amount.   The master *pro hac vice*, to whom the matter
was referred, reported in favor of the defendant upon all the issues, ex-
cept that he refused to allow in the account the individual indebtedness
of the bankrupt to Burnham.

*J. B. Brooks*, for complainants.

*L. J. Dorwin*, for defendant.

Coxe, J.   This action comes before the court upon exceptions filed
by both parties to the report of the master *pro hac vice*.   I have carefully
read this report, and am of the opinion that the findings of fact and con-
clusions of law are correct.

The principal controversy arises over the right of a solvent firm, of
which the bankrupt was a member, to set off against a debt due the
bankrupt a debt due from the bankrupt to the firm.   The allowance of
this set-off was in conformity with the law, and is abundantly supported
by authority.   The finding of the master with reference to the two drafts
drawn by the bankrupt on Doty, Hammond & Co., and indorsed by the
defendant, is sustained by the proof.   The drafts were obtained from the
defendant upon the representation that they were necessary to pay a
partnership indebtedness.   The bankrupt applied them to his own use.
The amount paid by the defendant upon these drafts was properly
charged against the bankrupt in the account.   I see no objection to the
allowance and addition to the account of the individual indebtedness of
the bankrupt to the defendant.   If the balance on the accounting had
been in favor of the bankrupt, the sums found by the master in the six-
teenth item of his report could have been set off against it.   *In re Voet-
ter*, 4 Fed. Rep. 632, and cases cited.   No injury will be done by per-
mitting these amounts to be added to the sum found due by the master,
and all difficulties which might arise under the statute of limitations
will thus be avoided.

Upon the question of costs, I see nothing to distinguish this case from
other equitable actions, or exempt it from the rule which awards costs
to the successful party.

The exceptions of the complainants are overruled, and judgment is awarded in conformity with the provisions of the report, except that the individual indebtedness of the bankrupt to the defendant, amounting to $5,144.84 and interest, may be added to the sum found due by the master.